IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02889-BNB

ABDULLAH KRU AMIN,

    Plaintiff,

v.

TOM CLEMENTS, Executive Director DOC,
STEVE HARTLEY, Warden, A.V.C.F.,
WILLIAM MANUEL GOMEZ, A.V.C.F., Disciplinary Chairman,
MAJOR CALEY, Disciplinary Appeal Appointee,
IVETT RUIZ, A.V.C.F., Colo. Dept. Corr., Mental Health,
MS. MacKINNON, SOTMP, C.D.O.C.,
DON BOYER, Colo. Classification Interstate Compact,
CARL VOIGTSBERGER, Wyo. Classification Interstate Compact,
GRONEMEYER, A.V.C.F., Shift Commander, and
RON LAMPERT, Director, Wyoming Department of Corrections,

    Defendants.

## ORDER TO DISMISS IN PART AND TO DRAW IN PART

Plaintiff, Abdullah Kru Amin, is a prisoner in the custody of the Colorado Department of Corrections (DOC) under the Interstate Corrections Compact. Plaintiff was transferred from the Wyoming Department of Corrections to the DOC in 2009 and currently is incarcerated at the Centennial Correctional Facility in Cañon City, Colorado. Plaintiff, acting *pro se*, initiated this action by filing a Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343. On January 15, 2013, Magistrate Judge Boyd N. Boland entered an order that directed Plaintiff to amend the Complaint and state what each defendant specifically did to violate his constitutional rights. Plaintiff filed an Amended Complaint on January 31, 2013. The Amended Complaint will be dismissed

in part and ordered drawn in part.

Plaintiff asserts three claims.  In Claim One, Plaintiff asserts that he has been improperly classified as a sex offender by the DOC.  In Claim Two, Plaintiff asserts that he was denied his due process rights in a disciplinary action.  Finally, in Claim Three, Plaintiff asserts that his property was stolen when he was transferred from one Colorado prison facility to another and that he is required to pay for hygiene items even though he is indigent.  Plaintiff seeks money damages and injunctive relief.

Claim One as asserted against Defendants Ivett Ruiz, Don Boyer, Carl Voigtsberger, Ms. MacKinnon, and Ron Lampert will be drawn to a district judge and to a magistrate judge.  Claims Two and Three will be dismissed for the following reasons.

The United States Constitution guarantees due process only when a person is to be deprived of life, liberty, or property.  *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994).  Plaintiff does not allege that he was deprived of life or property at any of his disciplinary hearings.  He, therefore, was entitled to procedural protections at the disciplinary hearing only if he was deprived of a liberty interest.  The existence of a liberty interest depends upon the nature of the interest asserted.  *See Sandin v. Conner*, 515 U.S. 472, 480 (1995).  A prisoner is not entitled to any procedural protections in the absence of a grievous loss.  *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).

There is a liberty interest in avoiding particular conditions of confinement under *Sandin v. Conner*, 515 U.S. 472 (1995).  An inmate enjoys a liberty interest under the Due Process Clause to be free from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin*, 515

U.S. at 484. In considering whether the DOC has imposed an atypical and significant hardship on Plaintiff, the Court considers the conditions of confinement, including both the duration and degree of restrictions as compared with other inmates. *See Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 809 (10th Cir. 1999).

Plaintiff asserts that as a result of his disciplinary conviction he was placed in punitive isolation for thirty days without privileges and his property. The restrictions Plaintiff describes do not impose an atypical and significant hardship. *See, e.g., Blum v. Fed. Bureau of Prisons*, No. 98-1055, 1999 WL 638232, at *3 (10th Cir. Aug. 23, 1999) (holding that ninety-day confinement without store privileges, radio, and phone calls did not differ in significant degree and duration from ordinary incidents of prison life to create a protected liberty interest); *Villarreal v. Harrison,* No. 99-1268, 1999 WL 1063830, at *2 & n. 1 (10th Cir. Nov. 23, 1999) (concluding that conditions of prisoner's two-year confinement in administrative detention, including restricted telephone privileges and requirement that he eat all of his meals alone in his cell, were not so different as compared with normal incidents of prison life as to give rise to a protected liberty interest); *Madison v. Parker,* 104 F.3d 765, 768 (5th Cir. 1997) (holding that thirty-day commissary and cell restrictions did not implicate due process concerns); *Kennedy v. Blankenship,* 100 F.3d 640, 642 (8th Cir. 1996) (finding no liberty interest in thirty-day sanction that included restrictions on mail and telephone privileges, visitation privileges, commissary privileges, and personal possessions).

Although Plaintiff was placed in punitive segregation without a written notice for seven days, from July 4, until July 7, 2012, that is not atypical while an investigation of an offense involving an assault is being conducted. *See Jordan v. Federal Bureau of*

*Prisons*, 191 F. App'x 639, 653 (10th Cir. (Colo.) July 25, 2006) (unpublished op.). Claim Two, therefore, as asserted against Defendants Tom Clements, William Manuel Gomez, Lt. Gronemeyer, Steve Hartley, and Major Caley will be dismissed.

Claim Three also will be dismissed. "[I]f adequate state post-deprivation remedies are available" then intentionally depriving a prisoner of his property does not violate the Fourteenth Amendment. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1988) (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)). An action in state court invoking the "willful and wanton" act exception to the Colorado Governmental Immunity Act pursuant to Colo. Rev. Stat. § 24–10–118(2) is an adequate state post-deprivation remedy. *See Ali v. Reeves*, No. 06-1317, 232 F. App'x. 777, 779 (10th Cir. Apr. 26, 2007).

The Tenth Circuit requires a plaintiff to plead that these remedies are inadequate. *Montana v. Hargett*, 84 F. App'x. 15, 17 (10th Cir. 2003) (unpublished) (citing *Durre*, 869 F.2d at 548). If such a remedy exists, it has a "presumption of adequate due process" that "may stave off a facial attack." *Freeman v. Dep't of Corrs.*, 949 F.2d 360, 362 (10th Cir. 1991). In order to overcome this presumption of adequacy, a complaint must state "specific facts" showing that the remedy was "unresponsive or inadequate." *Id*. Plaintiff does not allege any facts in the Complaint about the inadequacy of the state court remedy available to him.

Claim Three also will be dismissed because Plaintiff does not assert that he was denied hygiene items; he claims only that he should not be charged for the items. "The fact that such a debt would perpetuate a negative balance in his account does not in itself constitute deliberate indifference by prison official to his need for hygiene."

4

*Whitington v. Lawson.* 424 F. App'x 777, 780 n.4 (10th Cir. 2011) (citing *Reynold v. Wagner*, 936 F. Supp. 1216, 1226 (E.D. Pa. 1996) (policy requiring inmates without monies to pay medical copayment by accruing negative account balance that could be collected from them on discharge from incarceration does not constitute deliberate indifference to serious medical needs) *aff'd,* 128 F.3d 166 (3d Cir. 1997)). Accordingly, it is

ORDERED that the Complaint and claims asserted in Claim One against Defendants Ivett Ruiz, Ms. MacKinnon, Don Boyer, Carl Voigtsberger, and Ron Lampert shall be drawn to a district judge and to a magistrate judge. It is

FURTHER ORDERED that Claims Two and Three and Defendants Tom Clements, Steve Hartley, William Manuel Gomez, Major Caley, and Lt. Gronemeyer are dismissed from the action. It is

FURTHER ORDERED that Plaintiff's request for summons, ECF No. 22, is denied as unnecessary.

DATED at Denver, Colorado, this  6th  day of  February , 2013.

BY THE COURT:

　　s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court