IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02889-RM-MJW

ABDULLAH KRU AMIN,

Plaintiff,

v.

IVETT RUIZ, A.V.C.F., Colo. Dept. Corr., Mental Health,
MS. MACKINNON, SOTMP, C.D.O.C.,
DON BOYER, Colo. Classification Interstate Compact,
CARL VOIGTSBERGER, Wyo. Classification Interstate Compact, and
ROB LAMPERT, Director, Wyoming Department of Corrections,

Defendants.

**RECOMMENDATION THAT THE CLAIMS AGAINST DEFENDANT DON BOYER BE DISMISSED**

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case issued by Judge Robert E. Blackburn on February 6, 2013 (Docket No. 25). This case was reassigned to Judge Raymond P. Moore on June 1, 2013 (Docket No. 57).

This action was commenced on November 1, 2012 (Docket No. 1). On March 11, 2013, the court held a Status Conference (Docket No. 34) and entered a Show Cause Order (Docket No. 35). The court noted that defendants Don Boyer, Carl Voigtsberger, and Rob Lampert had not yet been served. The Court directed plaintiff to provide addresses for the unserved defendants so that service could be effected. A show cause hearing was set for May 9, 2013.

2

At the May 9, 2013 hearing, the court noted that defendants Carl Voigtsberger and Rob Lampert had been served. However, defendant Don Boyer had yet to be served and no address had been supplied for him.

Rule 4(m) of the Federal Rules of Civil Procedure provides in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m).

In addition, Local Rule 41.1 provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1.

Based upon the foregoing, it is hereby

**RECOMMENDED** that the claims against defendant Don Boyer should be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) and D.C.COLO.LCivR 41.1.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve**

3

**and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated: May 9, 2013                        s/ Michael J. Watanabe
      Denver, Colorado                 Michael J. Watanabe
                                     United States Magistrate Judge