IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02889-RM-MJW

ABDULLAH KRU AMIN,

Plaintiff,

v.

IVETT RUIZ, A.V.C.F., Colo. Dept. Corr., Mental Health,
MS. MACKINNON, SOTMP, C.D.O.C.,
CARL VOIGTSBERGER, Wyo. Classification Interstate Compact, and
ROB LAMPERT, Director, Wyoming Department of Corrections,

Defendants.

**RECOMMENDATION ON
CDOC DEFENDANTS' MOTION TO DISMISS (Docket No. 42)
and
ORDER ON
PLAINTIFF'S MOTION TO AMEND (Docket No. 74)**

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 25) issued by Judge Robert E. Blackburn on February 6, 2013. This matter was reassigned to Judge Raymond P. Moore on May 1, 2013 (Docket No. 57).

**PLAINTIFF'S ALLEGATIONS**

*Pro se* plaintiff Abdullah Amin asserts the following in his Amended Prisoner Complaint[1] (Docket No. 21). Plaintiff is currently incarcerated in the Colorado

---

[1] On February 6, 2013, Judge Babcock entered an Order (Docket No. 23) dismissing plaintiff's Claim Two and Claim Three and Defendants Tom Clements, Steve Hartley, William Manuel Gomez, Major Caley, and Lt. Gronemeyer. Judge Babcock allowed plaintiff's Claim One against Defendants Ivett Ruiz, Ms. MacKinnon, Don Boyer, Carl Voigtsberger, and Ron Lampert to go forward. On June 12, 2013, Judge Moore entered an Order (Docket No. 81)

Department of Corrections ("CDOC").  Plaintiff alleges that in February 2009, he was transferred to CDOC pursuant to an interstate compact with the State of Wyoming.  At the time of his transfer, CDOC classified plaintiff as a S5 sex offender due to plaintiff having previously been convicted of First Degree Sexual Assault, pursuant to Wyo. Stat. Ann. § 6-2-302(a)(ii).

Plaintiff alleges that his sex offender status was made in error because his sexual offense sentence was discharged in June of 2003.  As the result of his classification, plaintiff alleges that various constitutional rights have been violated.

Plaintiff's Claim One alleges defendants actions in improperly classifying him as a sex offender violated plaintiff's Fourteenth Amendment, Eighth Amendment, Fifth Amendment, and Sixth Amendment rights.

**MOTION TO DISMISS**

Now before the court for a report and recommendation is the CDOC Defendants' Motion to Dismiss (Docket No. 42) filed by Defendants Ruiz and MacKinnon (the "CDOC Defendants") on April 15, 2013.  On April 18, 2013 Defendants Lampert and Voigtsberger (the "Wyoming Defendants") filed a Motion (Docket No. 48) seeking to join the CDOC Defendants' Motion to Dismiss and to provide additional argument as to why they should be dismissed.  On April 19, 2013, the court entered an Order (Docket No. 53) granting the Wyoming Defendants' request for joinder and giving plaintiff until May 9, 2013 to respond to the Wyoming Defendants' additional arguments.  On May 9, 2013, the court held a Scheduling Conference and granted plaintiff additional time, until May

---

dismissing Defendant Don Boyer.  Accordingly, plaintiff's Claim One, as against Defendants Ruiz, MacKinnon, Voigtsberger, and Lampert, is currently pending before this court.

30, 2013, to file his response.

The court has carefully considered the Amended Prisoner Complaint (Docket No. 21), the motion to dismiss (Docket Nos. 42), plaintiff's first response (Docket No. 45/46), plaintiff's second response (Docket No. 56), the CDOC Defendants' reply (Docket No. 60) (joined by the Wyoming Defendants pursuant to Docket No. 69), plaintiff's third response (Docket No. 70), the Wyoming Defendants' surreply (Docket No. 75), and the CDOC Defendants' surreply (Docket No. 79). In addition, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and recommendations.

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Id. at 555 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere

metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Twombly, 550 U.S. at 570).

The Tenth Circuit Court of Appeals has held "that plausibility refers 'to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012). The court has further "noted that '[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context.'" Id. The court thus "concluded the *Twombly/Iqbal* standard is 'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'" Id.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor. Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126-27 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996). However, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions' . . . ." Khalik, 671 F.3d at 1190 (quoting Ashcroft v. Iqbal, 556 U.S. 662 (2009)). "Accordingly, in examining a complaint under Rule

5

12(b)(6), [the court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." Id.

      Plaintiff is proceeding pro se. The court, therefore, reviews his pleadings and other papers liberally and holds them to a less stringent standard than those drafted by attorneys. Trackwell v. United States Government, 472 F.3d 1242, 1243 (10th Cir. 2007). See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (holding allegations of a pro se complaint to less stringent standards than formal pleadings drafted by lawyers). However, a pro se litigant's conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged or that a defendant has violated laws in ways that a plaintiff has not alleged. Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). See Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (stating a court may not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf); Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991) (stating a court may not construct arguments or theories for the plaintiff in the absence of any discussion of those issues). The plaintiff's pro se status does not entitle him to application of different rules. Wells v. Krebs, 2010 WL 3521777, at *2 (D. Colo. Sept. 1, 2010).

**Failure to State a Claim**

      Defendants argue that plaintiff has failed to state any claim upon which relief may be granted.

**1. Fourteenth Amendment**

6

First, defendants argue plaintiff has failed to state a due process claim under the Fourteenth Amendment.

The Due Process Clause of the Fourteenth Amendment guarantees due process when a person may be deprived of life, liberty, or property. U.S. Const. amend. XIV, § 1. The Due Process Clause "shields from arbitrary or capricious deprivation those facets of a convicted criminal's existence that qualify as 'liberty interests.'" Harper v. Young, 64 F.3d 563, 564 (10th Cir.1995), aff'd, 520 U.S. 143 (1997). The deprivation of a liberty interest can occur procedurally or substantively. Cnty. of Sacramento v. Lewis, 523 U.S. 833, 845–46 (1998) (stating that "[t]he touchstone of due process is protection of the individual against arbitrary action of government whether the fault lies in a denial of fundamental procedural fairness or in the exercise of power without any reasonable justification in the service of a legitimate governmental objective") (internal quotations and citations omitted).

The Due Process Clause prohibits the government from depriving a person of life, liberty, or property without prior notice and an opportunity for a hearing. Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985). "To invoke the protections of procedural due process, a plaintiff must establish the existence of a recognized property or liberty interest." Setliff v. Mem'l Hosp. of Sheridan Cnty., 850 F.2d 1384, 1394 (10th Cir. 1988) (citing Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 569 (1972)).

In the context of a sex offender classification, the courts have found a liberty interest where labeling a prisoner as a sex offender is coupled with the "coercive element" of conditioning parole eligibility or receipt of good time credits on completion of a sex offender treatment program. Beierle v. Zavares, 215 F.3d 1336, 2000 WL

757725, *4 (10th Cir. June 12, 2000); Chambers v. Colo. Dept. of Corr., 205 F.3d 1237, 1242 (stating that the DOC had not created a liberty interest in the plaintiff's not being classified as a sex offender; the liberty interest was implicated when the DOC removed the plaintiff's earned time credits). See also Gwinn v. Awmiller, 354 F3d 1211, 1216 (10th Cir. 2004) (stating that damage to an inmate's reputation by labeling him as a sex offender, without more, is not sufficient to implicate the Due Process Clause).

The process required to classify a prisoner as a sex offender has been described as follows:

> An inmate who has been convicted of a sex crime in a prior adversarial setting, whether as the result of a bench trial, jury trial, or plea agreement, has received the minimum protections required by due process. Prison officials need do no more than notify such inmate that he has been classified as a sex offender because of his prior conviction for a sex crime.

Neal v. Shimoda, 131 F.3d 818, 831 (9th Cir. 1997) (cited with approval in Chambers, 205 F.3d at 1243).

Here, plaintiff does not dispute that he was convicted of a sex crime. He does argue, however, that because his sentence was discharged in 2003, he should no longer be classified as a sex offender, or at least should not be classified as a sex offender without further procedural protections.

Neither plaintiff nor defendants cite to any cases addressing a discharged sentence in the context of a sex offender classification. Defendants simply argue that the discharge of plaintiff's sexual assault conviction does nothing to change plaintiff's status as a convicted sex offender. The court agrees with defendants.

8

Under CDOC's sex offender classification system, upon entering the CDOC, inmates with "*[a]ny* judicial determination of sex offense" are classified as "S5" sex offenders. AR 700-19(IV)(A)[2] (emphasis added). Accordingly, the plain terms of the CDOC's regulation places no limitation on when the conviction has to have taken place, i.e., it could be a past (discharged) conviction and need not be the current conviction. In other words, once an individual has been convicted of a felony sexual offense, a sex offender classification based on that crime requires no additional procedural protections, even if the sentence has been discharged. It follows, then, that the same is true under plaintiff's circumstances, i.e., if the discharge occurred while the individual was incarcerated, and the individual continues to be incarcerated pursuant to another conviction or an indeterminate sentence. Further, the CDOC's regulation simply says "upon entering the CDOC" a classification determination is made. AR 700-19(IV)(A). Clearly plaintiff "entered the CDOC" upon his transfer from Wyoming. The court sees no meaningful distinction between entering the CDOC by way of transfer as compared to by way of a new conviction. Accordingly, the court finds that under plaintiff's circumstances, and consistent with the case law cited above, plaintiff has already received the minimum procedural protections required by due process. As such, the court finds that plaintiff has failed to state a due process under the Fourteenth Amendment.

**2. Eighth Amendment**

Next, defendants argue plaintiff has failed to state a cruel and unusual

---

[2] The court may take judicial notice of agency rules and regulations. Ray v. Aztec Well Servs. Co., 748 F.2d 888, 889 (10th Cir. 1984).

9

punishment claim under the Eighth Amendment.

It has been traditionally understood that changing an inmate's status or classification "does not deprive him or liberty, because he is not entitled to a particular degree of liberty in prison." Templeman v. Gunter, 16 F.3d 367, 369 (10th Cir. 1994); Meachum v. Fano, 427 U.S. 215, 225 (1976).  This is true even in view of the Colorado Department of Correction's regulatory regime.  See Templeman, 16 F.3d at 369.  However, the Supreme Court has since stated that a court must look to the conditions of confinement to determine if they impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484 (1995).

Plaintiff's complaint is completely devoid of any allegations as to how his sex offender classification specifically has resulted in atypical and significant hardships; plaintiff simply states that he was incorrectly classified as a sex offender, but offers no specific factual allegations as to how his classification violates the Eighth Amendment.  Furthermore, classification as a sexual offender, and the requirements that come along with it, have been held to not violate the Eighth Amendment's prohibition against cruel and unusual punishment.  See Fistell v. Neet, 125 Fed. Appx. 219, 222-24 (10th Cir. 2005); Gwinn v. Awmiller, 354 F.3d 1211, 1228 (10th Cir. 2004); Pacheco v. Timme, No. 11-cv-02530-WJM-KLM, 2012 WL 4049831, at *3 (D. Colo. Sept. 13, 2012); Quintana v. Doe, No. 09-cv-00946-CMA-KLM, 2010 WL 2650052, at *5 (D. Colo. June 30, 2010).  Accordingly, the court finds that plaintiff has failed to state an Eighth Amendment claim related to his classification.

**3. Fifth Amendment**

Next, defendants argue plaintiff has failed to state a claim under the Fifth Amendment.

Plaintiff's only allegation as to the Fifth Amendment is that he was "put in further jeopardy" by the Colorado Sex Offender Treatment and Monitoring Program ("SOTMP"). Accordingly, it appears that plaintiff argues that his sex offender classification, and consequently his participation in SOTMP, violates the Fifth Amendment's Double Jeopardy Clause.

Plaintiff's argument is without merit. It is well established that sex offender classification does not violate the Double Jeopardy Clause. See Daniels v. Arapahoe Cnty. Dist. Court, 376 Fed. Appx. 851, 855 (10th Cir. 2010); Wirsching v. Colorado, 360 F.3d 1191, 1205 (10th Cir. 2004); Pollard v. Soares, No. 09-cv-00106-REB-KLM, 2010 WL 582370, at *13 (D. Colo. Feb. 18, 2010). Accordingly, the court finds that plaintiff has failed to state a claim under the Fifth Amendment.

**4. Sixth Amendment**

Next, defendants argue plaintiff has failed to state a claim under the Sixth Amendment.

Plaintiff's Amended Prisoner Complaint lists the Sixth Amendment under Claim One. However, the court cannot find any factual allegations supporting plaintiff's contention that defendants violated a right afforded to him under the Sixth Amendment. Accordingly, the court finds that plaintiff's Sixth Amendment claim is vague and conclusory and fails to meet the notice pleading requirements under Fed. R. Civ. P. 8. As such, the court finds that plaintiff has failed to state a claim under the Sixth Amendment.

**MOTION TO AMEND**

Also pending before the court is plaintiff's Motion to Amend (Docket No. 74). Plaintiff seeks to amend his Amended Prisoner Complaint to include a new defendant, Don Morton. Plaintiff states that Don Morton was the individual he intended to include in his complaint, not Don Boyer. Plaintiff also seeks to add Steve Lindly as an additional defendant.

Pursuant to Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." Bylin v. Billings, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993)). Defendants argue that plaintiff's proposed amendment is futile. In light of the above findings that plaintiff has failed to state a claim, and the details of plaintiff's proposed amendment, the court agrees.

Plaintiff's proposed amendment (Docket No. 74-1) does not include any substantial new factual allegations. Rather, it details Don Morton's responsibilities as to Interstate Compact Transfers in Colorado, and Steve Lindly's similar responsibilities in Wyoming. The proposed amendment contains no factual allegations as to how Don Morton or Steve Lindly violated plaintiff's rights with respect to his claims involving his sexual offender classification. Accordingly, these additional allegations will have no effect on the court's findings above regarding plaintiff's failure to state a claim. As such, plaintiff's proposed amendment is futile. See Grossman v. Novell, Inc., 120 F.3d 1112, 1126 (10th Cir. 1997) (stating that if a proposed amendment fails to cure the

deficiencies in the original complaint, it is appropriate to deny the motion to amend); Scott v. Hern, 216 F.3d 897, 906 (10th Cir. 2000). Accordingly, the court finds that plaintiff's Motion to Amend (Docket No. 74) should be denied.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the CDOC Defendants' Motion to Dismiss (Docket No. 42) be **GRANTED**, and plaintiff's Amended Prisoner Complaint be dismissed with prejudice in its entirety. It is further

**ORDERED** plaintiff's Motion to Amend (Docket No. 74) is **DENIED**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colo. Dep't of Corr., 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse,**

13

**91 F.3d 1411, 1412-13 (10th Cir. 1996).**


Date: June 24, 2013          s/ Michael J. Watanabe
       Denver, Colorado          Michael J. Watanabe
                                          United States Magistrate Judge