**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 12-cv-02889-RM-MJW

ABDULLAH KRU AMIN,

    Plaintiff,

v.

IVETT RUIZ, A.V.C.F., Colo. Dept. Corr. Mental Health,
MS. MACKINNON, SOTMP, C.D.O.C.,
CARL VOIGTSBERGER, Wyo. Classification Interstate Compact, and
RON LAMPERT, Director, Wyoming Department of Corrections,

    Defendants.

---

**ORDER ADOPTING
JUNE 24, 2013 RECOMMENDATION (ECF No. 89),
GRANTING MOTION TO DISMISS (ECF No. 42), AND
DENYING MOTION TO AMEND (ECF No. 74)**

---

THIS MATTER is before the Court on United States Magistrate Judge Michael J. Watanabe's ("Magistrate Judge") June 24, 2013 Recommendation ("Recommendation") on: (1) the Colorado Department of Corrections ("CDOC") Defendants' Motion to Dismiss (ECF No. 42); and (2) Plaintiff Abdullah Kru Amin's ("Plaintiff") Motion to Amend (ECF No. 74). The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b).

**I. BACKGROUND**

The background concerning the disposition of *pro se* Plaintiff's claims in his Amended Complaint is set forth in the Recommendation which the Court incorporates by reference herein.

Briefly, all of Plaintiff's claims have been dismissed except for his first claim against CDOC Defendants Ivett Ruiz and Ms. MacKinnon, and Wyoming Defendants Carl Voigtsberger and Rob Lampert. Plaintiff's sole remaining claim is brought under the Fourteenth, Fifth, Sixth and Eighth Amendment of the U.S. Constitution. (ECF No. 21.) In summary, as against CDOC Defendants, Plaintiff alleges he was transferred from Wyoming's correctional facility to Colorado's correctional facility under the Interstate Corrections Compact ("ICC"). Upon Plaintiff's transfer to Colorado, CDOC Defendants allegedly violated Plaintiff's rights by improperly classifying him as a sex offender under CDOC's classification policies and procedures even though his Wyoming sexual offense sentence had been discharged in June of 2003. (Amended Complaint, pages 4, 11-12.)

CDOC Defendants moved to dismiss this claim which Judge Robert E. Blackburn, whom this case was then before, referred to the Magistrate Judge. Subsequently, Plaintiff moved to amend his complaint, which this Court also referred to the Magistrate Judge. The Magistrate Judge recommended CDOC Defendants' Motion to Dismiss be granted and Plaintiff's Motion to Amend be denied. (ECF No. 89.) On July 5, 2013, Plaintiff timely objected ("Objection") to the Recommendation. (ECF No. 91.)

## II. STANDARD OF REVIEW

The district judge must determine *de novo* any part of the magistrate judge's recommendation on a dispositive motion to which a party has properly objected. FED. R. CIV. P. 72(b)(3). An objection is proper if it is filed within 14 days after being served with a copy of the recommendation and is sufficiently specific to allow the district court "'to focus attention on those

issues – factual and legal – that are at the heart of the parties' dispute.'" *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). A party's failure to make timely and specific objections waives an issue for *de novo* review by the district court. *See United States v. 2121 E. 30th St., supra* at 1059-1060. The district judge may accept, reject or modify the recommendation, receive further evidence, or return the matter to the magistrate judge with instructions. FED. R. CIV. P. 72(b)(3).

Where the plaintiff is appearing *pro se*, the Court must liberally construe his pleadings. *Hughes v.* Rowe, 449 U.S. 5, 9-10 (1980). Dismissal of a *pro se* plaintiff's complaint for failure to state a claim "is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Johnson v. Johnson*, 466 F.3d 1213, 1214-1215 (10th Cir. 2006) (quotation omitted).

### III. ANALYSIS

Plaintiff's Objection challenges not only the Recommendation but also a prior decision entered by Judge Lewis T. Babcock, which decision is not subject to challenge through an objection and therefore will not be considered. Plaintiff's Objection as to the Recommendation does not dispute the Magistrate Judge's statements concerning the allegations of the Amended Complaint, *e.g.*, he was convicted of a sex crime and discharged his sentence in 2003.[1] Moreover, his Objection does not appear to challenge the Recommendation's finding that he failed to state claims based on the theory that his sex crime conviction sentence was discharged in 2003.

---

[1] Plaintiff's Amended Complaint also contains allegations that his sexual assault case was "reversed" or "dismissed" (Amended Complaint, pages 9 and 12), and his Response to CDOC Defendants' motion to dismiss asserts his sentence had been "reversed." (Response [ECF No. 45], page 10.) In light of Plaintiff's lack of objection, and consistent with Plaintiff's other allegations, the Court construes such statements to mean Plaintiff's sentence has been discharged.

Instead, Plaintiff argues that his sexual offense sentence was issued under Wyoming law, he could not have been classified as a sex offender under Wyoming law, and it is therefore a violation of the Constitution and ICC to classify him as such under CDOC's administrative regulations. Essentially, Plaintiff argues he is entitled to have Wyoming's classification standards or procedures apply to his Colorado confinement.

   **A.**  <u>**Motion to Dismiss – Failure to State a Claim.**</u>

   *i.*  *Fourteenth Amendment.*

Plaintiff's Objection as to his claim under the Fourteenth Amendment appears to address how his claim was construed. In order to state a claim for relief under 28 U.S.C. § 1983, the plaintiff must sufficiently allege "'the deprivation by defendant of a right, privilege, or immunity secured by the Constitution or the laws of the United States while the defendant was acting under color of state law.'" *Garcia v. Lemaster*, 439 F.3d 1215, 1217 (10th Cir. 2006) (quoting *Doe v. Bagan*, 41 F.3d 571, 573-574 (10th Cir. 1994)). The Due Process Clause of the Fourteenth Amendment guarantees due process when a person may be deprived of life, liberty or property. U.S. Const. amend. XIV, § 1. Plaintiff argues he was denied due process[2] based on CDOC Defendants' alleged failure to comply with the ICC provision that "confinement in a receiving state shall not deprive any inmate so confined of any legal rights which said inmate would have had if confined in an appropriate institution of the sending state." Wyo. Stat. Ann. § 7-3-401, Art. IV(e) (2009 & 2012); C.R.S. § 24-60-801, Art. IV(e) (2009 & 2012). The question is whether the ICC provision creates a liberty interest.

---

[2] Plaintiff also made perfunctory arguments that the alleged failure to follow "policies and procedures" of the ICC denied him equal protection. (Objection, pages 1 & 3.) Such arguments are not only insufficient but also unsupported by the allegations in Plaintiff's first claim for relief which makes no mention of any denial of equal protection.

In a prison setting, a state-created liberty interest will not be found unless the state "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Garcia v. Lemaster, supra* at 1219 (quotation omitted).  The Tenth Circuit has recognized that application of a receiving state's procedures to out-of-state inmates housed in the receiving state's prisons does not impose hardship which is atypical or significant to such inmates and, accordingly, creates no liberty interest.  *See id.*  Among other things, the Tenth Circuit recognized the ICC stated that out-of-state inmates "shall be treated equally with such similar inmates of the receiving state as may be confined in the same institution." *Id.* (quotation omitted). Requiring the out-of-state inmate to be classified only in accordance with the out-of-state law would therefore be contrary to such provision.  *See id; Stewart v. McManus*, 924 F.2d 138, 141 (8th Cir. 1991) (cited with approval in *Garcia v. Lemaster, supra* at 1219).  "It is only common sense that that the authorities having daily physical custody of an ICC inmate must determine the inmate's appropriate security classification and concomitant level of privileges, programs, and conditions of confinement."  *Menefee v. Weholtz*, No. 08-3314-SAC, 2009 WL 311108, at *4 (D. Kan. Feb. 9, 2009).  Indeed, the very section of the ICC relied upon by Plaintiff expressly states, in the sentence immediately preceding that relied upon for "deprivation of legal rights," that, "All inmates who may be confined in an institution pursuant to the provisions of this compact shall be treated in a reasonable and humane manner and shall be cared for and treated equally with such similar inmates of the receiving state as may be confined in the same institution." Wyo. Stat. Ann. § 7-3-401. Art. IV(e) (2009 & 2012).

In this case, Plaintiff's Objection contains only conclusory allegations that CDOC's classification violated his due process rights under the Fourteenth Amendment. Such allegations are insufficient to establish that atypical and significant hardships were imposed on Plaintiff. Moreover, the Court does not read the ICC to require the application of Wyoming's classification policy/procedures to transferred inmates under the allegations at hand. On the contrary, in accordance with the ICC, Colorado's classification policy/procedures applied so that Plaintiff is treated like similarly situated inmates in Colorado for custody and programs. Therefore, Plaintiff has failed to state a claim for violation of the due process clause of the Fourteenth Amendment.[3]

### ii. *Fifth and Sixth Amendments.*

Plaintiff's cursory reference to the Fifth and Sixth Amendment is far from specific and fails to inform the Court of the legal and factual basis, if any, of his objection to the Magistrate Judge's Recommendation. Plaintiff simply repeats some of his allegations in his first claim and alludes to "double jeopardy." Such failure waives any challenges Plaintiff may have with respect to issues based on the Fifth and Sixth Amendments. Regardless, as the Magistrate Judge correctly found, sex offender classifications, and any resulting treatment programs or other disciplinary sanctions, do not violate the Double Jeopardy Clause. *See, e.g., Daniels v. Arapahoe County Dist. Court*, 376 Fed.Appx. 851, 855, 2010 WL 1645978, at * 3 (10th Cir. 2010); *Wirsching v. Colorado*, 360 F.3d 1191, 1205 (10th Cir. 2004). Accordingly, Plaintiff has failed to state a claim for any alleged violation of the Fifth or Sixth Amendment.

---

[3] To the extent that Plaintiff is relying on the ICC as a basis for a § 1983 claim, Plaintiff's claim also fails as the ICC is not federal law. *See Stewart v. McManus, supra* at 142.

### *iii.   Eighth Amendment.*

Similarly, Plaintiff's Objection concerning cruel and inhumane treatment simply repeat some of the allegations in his Amended Complaint. Plaintiff states, summarily, he suffered physical and mental harm by being placed in punitive isolation/administrative sequestration for two years. The Magistrate Judge found Plaintiff failed to allege how his classification resulted in atypical and significant hardships and that such classification does not violate the Eighth Amendment. Indeed, the Eighth Amendment prohibits only punishments which "although not physically barbarous, involve the unnecessary and wanton infliction of pain," and those conditions which cannot be said to be "cruel and unusual under contemporary standards are not unconstitutional." *Gwinn v. Awmiller*, 354 F.3d 1211, 1228 (10th Cir. 2004) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 346-347 (1981); quotation marks omitted). Here, Plaintiff's bare allegations do not rise to the level which would support an Eighth Amendment claim. Accordingly, Plaintiff has also failed to state a claim under the Eighth Amendment.

### B. Motion to Amend.

Plaintiff's Motion to Amend seeks to add as defendants: (1) Don Morton, Office of Offender Services, ICC Administrator; (2) Assistant Directory Steve Lindly, Wyoming Department of Corrections; and (3) Larry Turner, Director of the Colorado Department of Interstate Compact.[4]  (ECF No. 74.) The Magistrate Judge found Plaintiff's proposed amendment is futile. Plaintiff's Objection specifically mentions only Mr. Lindly, asserting he has been in communications with Plaintiff, knows the facts concerning Plaintiff's "trouble[s], suffering, and

---

[4] Whether Plaintiff seeks to add Mr. Turner is unclear. Being mindful that Plaintiff is appearing *pro se*, the Court construes Plaintiff's motion to also include Mr. Turner.

torture," and is a crucial witness and representative. Such assertions provide nothing substantive to support Plaintiff's proposed amendment to add Mr. Lindly or the other individuals as defendants. Instead, as the Magistrate Judge found, the proposed amendment does not include any substantial new factual allegations. Further, the proposed amendment contains no factual allegations as to how any of the proposed defendants violated any of Plaintiff's cognizable rights. Accordingly, Plaintiff's proposed amendment is futile. *See Johnson v. Johnson, supra* at 1214-1215.

## IV.  CONCLUSION

Based on the foregoing, the Court agrees with the Recommendation. The Court also finds that Plaintiff's additional argument of improper classification because such classification was based on CDOC's classification rather than Wyoming's classification also fails to state a claim for relief. The Court further concludes Plaintiff's proposed amendment is futile. It is therefore

**ORDERED** that:

1. The Magistrate Judge's Recommendation (ECF No. 89) is **ACCEPTED** and **ADOPTED** in its entirety and made an order of this Court;

2. CDOC Defendants' Motion to Dismiss (ECF No. 42) is **GRANTED** and Plaintiff's claims against Defendants Ivett Ruiz and Ms. MacKinnon are dismissed **with prejudice** and their names shall be removed from the caption of this action;

3. Plaintiff's Motion to Amend (ECF No. 74) is **DENIED**; and

4.      The Clerk of the Court shall enter judgment in favor of these Defendants on the remaining claim for relief, with all parties to bear their own attorney's fees and costs.

DATED this 16th day of September, 2013.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge